Brad A. Denton, #016454
Brad@DentonPeterson.com
Timothy F. Coons, #031208
Timothy@DentonPeterson.com

**DP | DENTON PETERSON, PC**
ATTORNEYS & COUNSELORS AT LAW

1930 N. ARBOLEDA ROAD, SUITE 200
MESA, ARIZONA  85213
TELEPHONE: (480) 325-9900
FACSIMILE: (480) 325-9901

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

|  |  |
|---|---|
| **Lacey Thornsburry**, and **Valentina Woodruff**, Individually, and on Behalf of All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>v.<br><br>**Pet Club, LLC**, an Arizona limited liability company; **Pet Club Ahwatukee, LLC**, an Arizona limited liability company; **Pet Club Arrowhead, LLC**, an Arizona limited liability company; **Pet Club Avondale, LLC**, an Arizona limited liability company; **Pet Club Casa Grande, LLC**, an Arizona limited liability company; **Pet Club Cave Creek, LLC**, an Arizona limited liability company; **Pet Club Chandler Heights, LLC**, an Arizona limited liability company; **Pet Club Chandler, LLC**, an Arizona limited liability company; **Pet Club Chino Valley, LLC**, an Arizona limited liability company; **Pet Club Cotton Lane, LLC**, an Arizona limited liability company; **Pet Club Desert Ridge, LLC**, an Arizona limited liability company; **Pet Club Dobson, LLC**, an Arizona limited liability company; **Pet Club East Tucson, LLC**, an Arizona limited liability company; **Pet Club Gilbert, LLC**, an Arizona limited liability company; **Pet Club Glendale, LLC**, an Arizona limited liability company; **Pet** | No.<br><br>**COLLECTIVE ACTION COMPLAINT FOR COMPENSATION UNDER 29 U.S.C. § 201 ET SEQ.** |

**Club Las Sendas, LLC**, an Arizona limited liability company; **Pet Club Laveen, LLC**, an Arizona limited liability company; **Pet Club Lincoln, LLC**, an Arizona limited liability company; **Pet Club Marana, LLC**, an Arizona limited liability company; **Pet Club Maricopa, LLC**, an Arizona limited liability company; **Pet Club Mill, LLC**, an Arizona limited liability company; **Pet Club Moon Valley, LLC**, an Arizona limited liability company; **Pet Club N Gilbert, LLC**, an Arizona limited liability company; **Pet Club Northern, LLC**, an Arizona limited liability company; **Pet Club North Mesa, LLC**, an Arizona limited liability company; **Pet Club North Scottsdale, LLC**, an Arizona limited liability company; **Pet Club N. Phoenix, LLC**, an Arizona limited liability company; **Pet Club #119, LLC**, an Arizona limited liability company; **Pet Club #128 Encanto, LLC**, an Arizona limited liability company; **Pet Club Payson, LLC**, an Arizona limited liability company; **Pet Club Peoria, LLC**, an Arizona limited liability company; **Pet Club Pinnacle Peak, LLC**, an Arizona limited liability company; **Pet Club Power Ranch, LLC**, an Arizona limited liability company; **Pet Club Prescott, LLC**, an Arizona limited liability company; **Pet Club PV, LLC**, an Arizona limited liability company; **Pet Club Q.C., LLC**, an Arizona limited liability company; **Pet Club Sahuarita, LLC**, an Arizona limited liability company; **Pet Club San Tan Valley, LLC**, an Arizona limited liability company; **Pet Club Shea, LLC**, an Arizona limited liability company; **Pet Club South Avondale, LLC**, an Arizona limited liability company; **Pet Club S. Tempe, LLC**, an Arizona limited liability company; **Pet Club Superstition Springs, LLC**, an Arizona limited liability company; **Pet Club Surprise, LLC**, an Arizona limited liability company; **Pet Club Tempe, LLC**, an Arizona limited liability

**DP** DENTON PETERSON, PC
ATTORNEYS + COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

company; **Pet Club Thomas, LLC**, an Arizona limited liability company; **Pet Club Tolleson, LLC**, an Arizona limited liability company; **Pet Club Tucson, LLC**, an Arizona limited liability company; **Pet Club Waddell, LLC**, an Arizona limited liability company; **Pet Club Warehouse, LLC**, an Arizona limited liability company; **Pet Club West Gilbert, LLC**, an Arizona limited liability company; **Pet Club West Tucson, LLC**, an Arizona limited liability company; **Pet Club Limited Partnership**, an Arizona limited partnership; **Pet Club Aurora, LLC**, a Colorado limited liability company; **Pet Club Fort Collins, LLC**, a Colorado limited liability company; **Pet Club Littleton, LLC**, a Colorado limited liability company; **Pet Club N. Fort Collins, LLC**, a Colorado limited liability company; **Pet Club West Littleton, LLC**, a Colorado limited liability company; **Pet Club Wheatridge, LLC**, a Colorado limited liability company; **Pet Club Cinco Ranch, LLC**, a Texas limited liability company; **Pet Club Copperfield, LLC**, a Texas limited liability company; **Pet Club Cypresswood, LLC**, a Texas limited liability company; **Pet Club Pearland, LLC**, a Texas limited liability company; **Pet Club Shadow Creek, LLC**, a Texas limited liability company; **Weston Smith and Jane Doe Smith**, husband and wife; **Timothy J. Noland and Jane Doe Noland**, husband and wife; **Timothy Stevenson and Jane Doe Stevenson**, husband and wife; **Malissa Conti-Diener and John Diener**, husband and wife; **Carrie Scott Fuller and John Doe Fuller**, husband and wife,

Defendants.

Plaintiffs, Lacey Thornsbury ("Plaintiff Thornsbury") and Valentina Woodruff ("Plaintiff Woodruff") (collectively "Plaintiffs"), individually, and on behalf of all other

DENTON PETERSON, PC
ATTORNEYS ● COUNSELORS ● AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

persons similarly situated who are current or former groomers and/or pet stylists of Defendants ("Collective Members") allege as follows:

## PRELIMINARY STATEMENT

1.    Plaintiffs and the Collective Members are current and former employees of Defendants and bring this action on behalf of themselves and all similarly-situated current and former groomers and/or pet stylists who were misclassified as independent contractors, who were at times not paid minimum wage, and who were not paid one-and-one-half times their regular rate of pay for all time worked in excess of 40 hours in a given work week.

2.    Plaintiffs and the Collective Members bring this action against the Defendants listed in the caption and incorporated herein (collectively "Defendants") for Defendants unlawful failure to pay overtime and minimum wage in violation of the Fair Labor Standards Act, 29, U.S.C. § 201-219 (hereinafter "FLSA").

3.    This is an action for equitable relief, minimum wages, overtime wages, unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

4.     The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours."  Under the FLSA, employers must pay all non-exempt employees minimum wage and one-and-one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek. *See* 29 U.S.C. § 207(a).

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq.*

6.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of the Plaintiffs and the Collective Members occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein and, thus, are subject to personal jurisdiction in this judicial district.

DENTON PETERSON, PC
ATTORNEYS  &  COUNSELORS  AT  LAW
1930 N. Arboleda Road, Suite 200
Mesa, AZ 85213

## **PARTIES**

7.     At all relevant time alleged herein, Plaintiff Thornsburry and Plaintiff Woodruff resided in the State of Arizona in Maricopa County.

8.     Plaintiff Thornsburry began working for Pet Club Pinnacle Peak, LLC, on or around July 19, 2015, and continues to work there to date.

9.     Plaintiff Woodruff began working for Pet Club Pinnacle Peak, LLC, on or around August 22, 2015, and continues to work there to date.

10.     Plaintiffs have given their written consent to be party Plaintiffs in this action. Pursuant to U.S.C. § 216(b), true and accurate copies of which are attached hereto.

11.     Plaintiffs bring this case on behalf of themselves and on behalf of all other persons similarly situated who are current or former groomers and/or pet stylists of Defendants who agree in writing to join this action seeking recovery under the FLSA.

12.     Plaintiffs bring this action on behalf of themselves and all other similarly situated current and former employees—specifically groomers and/or pet stylists of Defendants that were not paid minimum wage and/or not paid one-and-one-half times their regular rates of pay for all time worked in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work, whether on the clock or off the clock, after regular business hours, and/or on weekends (the "Collective Members").

13.     The Collective Members are all current and former groomers and/or pet stylists who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

14.     Defendants operate a chain of Pet Club stores that among other things, have pet grooming facilities operating under the assumed name of "Pet Club Grooming" and/or "Pet Club Grooming Salon" located within the Pet Club store premises. Indeed, they advertise themselves as such on their website. Defendants operate each Pet Club Grooming Salon almost identically, and their customers can expect the same kind of customer service regardless of the location.

DENTON PETERSON, PC
ATTORNEYS + COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

5

15.    Defendants represent themselves to the general public as "Pet Club" or "Pet Club Grooming"–operating at multiple locations. According to the Arizona Secretary of State website, "Pet Club Grooming" is a trade name owned by Pet Club Limited Partnership. Defendants share common ownership, share common management, have the same policies of operation, pool their resources, have the same operating name, and share advertising. This is a family of pet stores and pet grooming facilities that provide the same array of services to its customers and uses the same business model. The "Pet Club" and "Pet Club Grooming" family of stores exist under the control and direction of Defendants. The family of stores provides the same services and products to its customers by using a set formula when conducting its business. Part of that set formula is the misclassification of employees and the wage violation alleged in this Complaint. These facts represent a classic example of "corporate fragmentation."

16.    The following Defendants are Arizona limited liability companies, authorized to do business in the State of Arizona and were at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d):

- Pet Club, LLC
- Pet Club Arrowhead, LLC
- Pet Club Avondale, LLC
- Pet Club Chandler Heights, LLC
- Pet Club Cotton Lane, LLC
- Pet Club Dobson, LLC
- Pet Club Gilbert, LLC
- Pet Club Glendale, LLC
- Pet Club Laveen, LLC
- Pet Club Marana, LLC
- Pet Club Mill, LLC
- Pet Club N Gilbert, LLC
- Pet Club Northern, LLC

- Pet Club Peoria, LLC
- Pet Club Pinnacle Peak, LLC
- Pet Club Power Ranch, LLC
- Pet Club Q.C., LLC
- Pet Club South Avondale, LLC
- Pet Club Thomas, LLC
- Pet Club Waddell, LLC
- Pet Club West Gilbert, LLC

17.     The following Defendants are Arizona limited liability companies, authorized to do business in the State of Arizona and, upon information and belief, were at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d):

- Pet Club Ahwatukee, LLC
- Pet Club Casa Grande, LLC
- Pet Club Cave Creek, LLC
- Pet Club Chandler, LLC
- Pet Club Chino Valley, LLC
- Pet Club Desert Ridge, LLC
- Pet Club East Tucson, LLC
- Pet Club Las Sendas, LLC
- Pet Club Lincoln, LLC
- Pet Club Maricopa, LLC
- Pet Club Moon Valley, LLC
- Pet Club North Mesa, LLC
- Pet Club North Scottsdale, LLC
- Pet Club N. Phoenix, LLC
- Pet Club #119, LLC
- Pet Club #128 Encanto, LLC
- Pet Club Payson, LLC

- Pet Club Prescott, LLC
- Pet Club PV, LLC
- Pet Club Sahuarita, LLC
- Pet Club San Tan Valley, LLC
- Pet Club Shea, LLC
- Pet Club S. Tempe, LLC
- Pet Club Superstition Springs, LLC
- Pet Club Surprise, LLC
- Pet Club Tempe, LLC
- Pet Club Tolleson, LLC
- Pet Club Tucson, LLC
- Pet Club Warehouse, LLC
- Pet Club West Tucson, LLC

18.     Defendant Pet Club Limited Partnership is an Arizona limited partnership and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

19.     The following Defendants are Colorado limited liability companies, authorized to do business in the State of Colorado and, upon information and belief, were at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d):

- Pet Club Aurora, LLC
- Pet Club Fort Collins, LLC
- Pet Club Littleton, LLC
- Pet Club N. Fort Collins, LLC
- Pet Club West Littleton, LLC
- Pet Club Wheatridge, LLC

20.     The following Defendants are Texas limited liability companies, authorized to do business in the State of Texas and, upon information and belief, were at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d):

- Pet Club Cinco Ranch, LLC

- Pet Club Copperfield, LLC
- Pet Club Cypresswood, LLC

- Pet Club Pearland, LLC

- Pet Club Shadow Creek, LLC

21.     Defendant Weston Smith and Jane Doe Smith are, upon information and belief, husband and wife.

22.     Weston Smith is an owner of the Defendant companies and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d), and as such, Mr. Smith is subject to individual liability under the FLSA.

23.     Upon information and belief, Jane Doe Smith is an owner of the Defendant companies and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d), and as such, Mrs. Smith is subject to individual liability under the FLSA.

24.     Any action taken by Weston Smith or Jane Doe Smith was done for the benefit of their marital community.

25.     Defendant Timothy J. Noland and Jane Doe Noland are, upon information and belief, husband and wife.

26.     Timothy J. Noland is an owner of the Defendant companies and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d), and as such, Mr. Noland is subject to individual liability under the FLSA.

27.     Upon information and belief, Jane Doe Noland is an owner of the Defendant companies and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d), and as such, Mrs. Noland is subject to individual liability under the FLSA.

28.     Any action taken by Timothy J. Noland and Jane Doe Noland was done for the benefit of their marital community.

29.    Defendant Timothy M. Stevenson and Jane Doe Stevenson are, upon information and belief, husband and wife.

30.    Timothy M. Stevenson is an owner of the Defendant companies and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d), and as such, Mr. Stevenson is subject to individual liability under the FLSA.

31.    Upon information and belief, Jane Doe Stevenson is an owner of the Defendant companies and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d), and as such, Mrs. Stevenson is subject to individual liability under the FLSA.

32.    Any action taken by Timothy M. Stevenson and Jane Doe Stevenson was done for the benefit of their marital community.

33.    Defendant Malissa Conti-Diener and John Diener are, upon information and belief, husband and wife.

34.    Malissa Conti-Diener is the regional manager of the Defendant companies and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d), and as such, Mrs. Conti-Diener is subject to individual liability under the FLSA.

35.    Upon information and belief, John Diener has management authority within the Defendant companies and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d), and as such, Mr. Diener is subject to individual liability under the FLSA.

36.    Any action taken by Malissa Conti-Diener and John Diener was done for the benefit of their marital community.

37.    Defendant Carrie Scott Fuller and John Doe Fuller are, upon information and belief, husband and wife.

38.    Carrie Scott Fuller is a manager of the Defendant companies and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d), and as such, Mrs. Scott Fuller is subject to individual liability under the FLSA.

39. Upon information and belief, John Doe Fuller has management authority within the Defendant companies and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d), and as such, Mr. Fuller is subject to individual liability under the FLSA.

40. Any action taken by Carrie Scott Fuller and John Doe Fuller was done for the benefit of their marital community.

41. At all relevant times hereto, Defendants operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and for a common business purpose.

42. Plaintiffs are further informed, believe, and thereon allege that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

43. Defendants, and each of them are sued in both the individual and corporate capacities.

44. Therefore, Defendants, and each of them, are jointly and severally liable for the injuries and damages sustained by Plaintiffs and the Collective Members.

45. Plaintiffs and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales made or business done of at least $500,000.00.

## COLLECTIVE ACTION ALLEGATIONS

46. Plaintiffs Lacey Thornsburry and Valentina Woodruff bring this action pursuant to 29 U.S.C. § 216(b) on their own behalves and as representatives of individuals similarly situated who are current or former groomers and/or pet stylists of Defendants, who are not or were not paid minimum wage or paid one-and-one half times their regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work, in violation of 29 U.S.C. §§ 206 and 207(a), and who agree in writing to join this lawsuit seeking recovery under the FLSA.

DENTON PETERSON, PC
ATTORNEYS • COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

47.     At all relevant times, Plaintiffs and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay minimum wage and one-and-one-half times Plaintiffs' and the Collective Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work. Plaintiffs' claims stated herein are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs are identical or substantially similar.

48.     Plaintiffs and the Collective Members were each compensated exclusively on a commission basis for the duration of their employment with Pet Club.

49.     In a given workweek of Plaintiffs' and Collective Members' employment with Defendants, Plaintiffs and the Collective Members worked forty (40) hours without being compensated minimum wage during that workweek.

50.     In a given workweek of Plaintiffs' and the Collective Members' employment with Defendants, Plaintiffs and the Collective Members worked more than forty (40) hours without being compensated for the hours worked in excess of forty (40) during that workweek.

51.     Plaintiffs and the Collective Members all worked subject to Pet Club's policy of paying only commissions, rather than the FLSA-mandated minimum wage and one-and-one-half times their regular rates of pay, in any given workweek, and during each and every workweek during which they worked for Pet Club.

52.     Although Defendants permitted and/or required the Plaintiffs and Collective Members to work without receiving minimum wage, Defendants have denied them full compensation for their hours worked.

53.     Although Defendants permitted and/or required the Plaintiffs and Collective Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40).

54.     The Collective Members perform or have performed the same or similar work as the Plaintiffs.

55.     The Collective Members regularly work or have worked in excess of forty (40) hours during a given workweek.

56.     The Collective Members are not exempt from receiving minimum wage or overtime pay.

57.     As such, the Collective Members are similar, if not identical, to Plaintiffs in terms of job duties, pay structure, and/or the denial of minimum wage and overtime pay.

58.     Defendants' failure to pay minimum wage and overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Collective Members.

59.     The experiences of Plaintiffs, with respect to their pay, are typical of the experiences of the Collective Members.

60.     While Plaintiffs and Defendants have described Plaintiffs' and the Collective Members' job titles as groomers and/or pet stylists, the specific job titles or precise job responsibilities of each Collective Member does not prevent collective treatment.

61.     All class members, irrespective of their particular job requirements and job titles, are entitled to minimum wage and compensation for hours worked in excess of forty (40) during a given workweek.

62.     Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

63.     As such, Plaintiffs bring their FLSA minimum wage and overtime claims as a collective action on behalf of the following class:

> **The FLSA Collective Members are all of Defendants' current and former groomers and/or pet stylists who worked for Defendants, and who were compensated on a commission basis, and who were not paid minimum wage and were not paid one-and-one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek, at any time starting <u>three years before this lawsuit was filed up to the present</u>.**

64.     Defendants' unlawful conduct, as described in this Collective Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees under the FLSA.

65.     Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties minimum wage and an overtime premium of not less than one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) per workweek.

66.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

67.     This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

68.     Upon information and belief, the individuals similarly situated to Plaintiffs include more than 30 employees currently and/or formerly employed by Defendants, and Plaintiffs are unable to state the precise number of similarly-situated employees because that information is solely in Defendants' possession or control, but it can be readily ascertained from their employment records and the records of its payroll processor.

69.     Notice can be provided to the Collective Members via first class mail to the last address known to Defendants, via email at the last known email address known to Defendants, and via telephone at the last known telephone number known to Defendants.

## FACTUAL ALLEGATIONS

### *Misclassification of Plaintiffs and Collective Members as Independent Contractors*

70.    Plaintiffs and Collective Members were at all relevant times hereto, improperly classified and paid by the Defendants as independent contractors.

71.    Plaintiffs and Collective Members were employed by Defendants as "Groomers" and/or "Pet Stylists."

72.    Upon hiring Plaintiffs and Collective Members, Defendants require Plaintiffs to sign "Contractor Agreements" as either an "Apprentice Groomer," "Senior Groomer," "Salon Manager," or "Assistant Manager."

73.    According to the Contractor Agreement, the duties and responsibilities of an apprentice groomer include learning to groom pets; assisting senior groomers and managers; tracking personal payroll and sales; assisting with staff paperwork; assisting in ordering, inventory, stock, and product review; wearing provided smocks and/or shirts in the salon; assisting with customer service; and performing other salon duties that arise.

74.    According to the Contractor Agreement, the duties and responsibilities of a senior groomer include assisting in daily salon management; tracking personal sales; assisting with general salon paperwork; assisting with inventory, stock, and product review; wearing provided smocks in the salon; assisting with customer service; and performing other salon duties that arise.

75.    According to the Contractor Agreement, the duties and responsibilities of an assistant manager include assisting in daily salon management; tracking personal sales; assisting with general salon paperwork; assisting with inventory, stock, and product review; wearing provided smocks in the salon; assisting with customer service; and performing other salon duties that arise.

76.    According to the Contractor Agreement, the duties and responsibilities of a salon manager include grooming pets; daily salon management; general payroll and sales tracking; staffing and general staff paperwork; assisting with ordering, inventory, stock, and

product review; wearing and having staff wear provided smocks and/or shirts in the salon; customer service, salon staff mediation, groomer reviews; and other duties that may arise.

77.     Plaintiffs' and the Collective Members' duties, as described above, are the performance of non-exempt work.

**Integral to Business Operations of Defendants**

78.     Plaintiffs and Collective Members, at all times relevant hereto, were economically dependent on Defendants.

79.     Defendants' stores offer a wide variety of products and services to its customers.

80.     One of the services provided by Defendants to its customers is that of pet grooming and styling.

81.     Defendants advertise pet grooming and styling as a function of their business and house the facilities for pet grooming within their store locations.

82.     Additionally, Plaintiffs and Collective Members are required to perform functions such as payroll, collection and upkeep of client records, hiring and firing of other salon personnel, ordering salon supplies, marketing for the salon, answering phones, and scheduling appointments.

83.     Plaintiffs and Collective Members were required to be present at the salon at least five (5) days a week and regularly worked seven (7) days a week.

84.     Plaintiffs and the Collective Members are integral to providing the pet grooming services offered by Defendants to their clients.

**Managerial Skill Does not Affect Profit or Loss**

85.     Plaintiffs and the Collective Members could not experience increased profits or losses with their own managerial skills.

86.     The Defendants controlled the advertising for the Pet Club Salons, thereby limiting Plaintiffs' and Collective Members' abilities to promote or encourage sales.

87.    The Defendants controlled the pricing for the Pet Club Salons, thereby limiting Plaintiffs' and Collective Members' ability to promote their business in a manner that would be reasonable for their consumer bases.

88.    The Defendants controlled the client intake and records process for the Pet Club Salons, thereby decreasing Plaintiffs' and Collective Members' ability to handle clients in a cost effective way.

89.    The Defendants controlled where Plaintiffs and Collective Members could purchase products for the Pet Club store.

90.    Defendants required Plaintiffs to keep the Pet Club Salons open for certain hours of the day, limiting Plaintiffs' and Collective Members' ability to work for others outside of Pet Club.

91.    Plaintiffs and the Collective Members were not allowed to take any breaks while they were working at the Pet Club Salon.

**Defendants' Investment in Equipment**

92.    Defendants provided Plaintiffs and Collective Members with nearly all of the items necessary for Plaintiffs and Collective Members to perform their jobs.

93.    Defendants provided facilities, grooming tables, and bath tubs. Additionally pursuant to the contract "Benefits" section 5(a) of the Contractor Agreement signed by Plaintiffs and the Collective Members, "[t]he Pet Club will provide all peripheral salon product equipment needed to maintain and skillfully groom cats and dogs. The contractor is only responsible for providing their own clippers, blades, combs and brushes. All other product is provided for the contractor, to maintain our top of the line all natural holistic salon." Defendants also provided "tool maintenance" to the Plaintiffs and Collective Members.

94.    Additionally, Defendants paid for the leasing of the facilities, utilities, maintenance and repair of the facilities used by Plaintiffs and Collective Members.

**Skill and Initiative**

95.    Plaintiffs and Collective Members have the skills necessary to groom and style pets; however, they are not afforded the opportunity to perform work using their own skill and initiative.

96.    Plaintiffs and the Collective Members do not operate as independent businesses but are economically dependent on Defendants.

**Relationship is Indefinite**

97.    The Pet Club Contractor Agreements do not provide a definitive term to the relationship between Pet Club and the Plaintiffs and Collective Members. Therefore, the relationship between the parties is indefinite.

98.    As further evidence of this indefinite relationship, Defendants allows for Termination of the Contract by either "two weeks written notice" by the Plaintiffs and Collective Members, or "at any time" by the Defendants.

**Exercise of Control**

99.    Each of the Contractor Agreements signed by Plaintiffs and the Collective Members states as follows:

> The contractor agrees that he will at all times faithfully, industriously, and to the best of his skill, ability, experience and talents, perform all of the duties required of his position. In carrying out these duties and responsibilities, the contractor shall comply with all Pet Club grooming salon policies, procedures, rules and regulations, both written and oral, as are announced by the Pet Club district manager and all Pet Club, corporate management from time to time. It is also understood and agreed to by the contractor that his assignment, duties and responsibilities and reporting arrangements may be changed by the Pet Club in its sole discretion without causing termination of this agreement.

100.    From their date of hire, Defendants exerted control over Plaintiffs and the Collective Members by establishing what work they would perform.

101.    From their date of hire, Defendants exerted control over Plaintiffs and the Collective Members by establishing when the work would be performed.

102.   From their date of hire, Defendants exerted control over Plaintiffs and the Collective Members by establishing how the work would be performed.

103.   From their date of hire, Defendants exerted control over Plaintiffs and the Collective Members by establishing where the work would be performed.

104.   Despite exercising the control alleged above, from the date of hire, Defendants have classified Plaintiffs and the Collective Members as independent contractors.

### *Failure to Pay Minimum Wage*

**Plaintiff Thornsbury**

105.   On or around July 19, 2015, Plaintiff Thornsbury began employment with Pet Club as a senior groomer.

106.   From July 2015 until present, Plaintiff Thornsbury was paid a commission of 50% to 60% per grooming appointment.

107.   From the commencement of Plaintiff Thornsbury's employment in July 2015, she was a non-exempt employee.

108.   From July 2015 until present, Plaintiff Thornsbury routinely worked with knowledge of Defendants forty (40) hours per week.

109.   Despite working forty hours a week, there were weeks that Plaintiff Thornsbury worked without receiving minimum wage as required under the FLSA.

110.   For example, during the workweek of November 29, 2015, Plaintiff Thornsbury worked approximately 73.5 hours and received pay in the amount of $303.00. This equates to only $4.12 dollars per hour.

111.   Defendants wrongfully withheld wages from Plaintiff Thornsbury by failing to pay minimum wage to Plaintiff Thornsbury for the hours she worked.

**Plaintiff Woodruff**

112.   On or around August 22, 2015, Plaintiff Woodruff began employment with Pet Club as a salon manager.

113.   From August 2015 until present, Plaintiff Woodruff was paid a commission of 60% per grooming appointment.

DENTON PETERSON, PC
ATTORNEYS · COUNSELORS · AT · LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

114.   From the commencement of Plaintiff Woodruff's employment in August 2015, she was a non-exempt employee.

115.   From August 2015 until present, Plaintiff Woodruff routinely worked with knowledge of Defendants forty (40) hours per week.

116.   Despite working forty hours a week, there were weeks that Plaintiff Woodruff worked without receiving minimum wage as required under the FLSA.

117.   For example, during the workweek of November 29, 2015, Plaintiff Woodruff worked approximately 73.5 hours and received pay in the amount of $474.00. This equates to only $6.45 dollars per hour.

118.   Defendants wrongfully withheld wages from Plaintiff Woodruff by failing to pay minimum wage to Plaintiff Woodruff for the hours she worked.

*Failure to Pay Overtime*

**Plaintiff Thornsburry**

119.   From July 2015 until present, Defendants failed to properly compensate Plaintiff Thornsburry for her overtime hours.

120.   Plaintiff Thornsburry routinely worked with knowledge of Defendants, and often at Defendants' request, in excess of 40 hours per week during her tenure at Pet Club.

121.   Specifically, during her employment, Plaintiff Thornsburry routinely was scheduled to work  and subsequently worked forty-five (45) to sixty (60) hours per week and was not paid the premium one-and-one-half times her regular rate as required under the FLSA for hours worked over 40 in a workweek.

122.   Plaintiff Thornsburry worked more than forty (40) hours during the workweek of November 29, 2015 without being compensated for the overtime hours worked during that workweek.

123.   For example, during the workweek of November 29, 2015, Plaintiff Thornsburry worked approximately 73.5 hours and received pay in the amount of only $303.00.  Plaintiff Thornsburry was not compensated at one-and-one-half times her regular rate of pay for the 33.5 hours of overtime she worked that week.

124.   For example, during the workweek of September 20, 2015, Plaintiff Thornsbury worked approximately sixteen (16) hours of overtime without being compensated at one-and-one-half times her regular rate of pay for such time worked.

**Plaintiff Woodruff**

125.   From August 2015 until present, Defendants failed to properly compensate Plaintiff Woodruff for her overtime hours.

126.   Plaintiff Woodruff routinely worked with knowledge of Defendants, and often at Defendants' request, in excess of 40 hours per week during her tenure at Pet Club.

127.   Specifically, during her employment, Plaintiff Woodruff routinely was scheduled to work and subsequently worked forty-five (45) to sixty (60) hours per week and was not paid the premium one-and-one-half times her regular rate as required under the FLSA for hours worked over 40 in a workweek.

128.   For example, during the workweek of November 29, 2015, Plaintiff Woodruff worked approximately 73.5 hours and received pay in the amount of only $474.00. Plaintiff Woodruff was not compensated at one-and-one-half times her regular rate of pay for the 33.5 hours of overtime she worked that week.

129.   For example, during the workweek of September 6, 2015, Plaintiff Woodruff worked approximately sixteen (16) hours of overtime without being compensated at one-and-one-half times her regular rate of pay for such time worked.

130.   Plaintiffs and the Collective Members were non-exempt employees.

131.   Defendants refused and/or failed to properly disclose or to apprise Plaintiffs and the Collective Members of their rights under the FLSA.

132.   Pet Club wrongfully withheld wages from Plaintiffs and the Collective Members by failing to pay wages due for hours Plaintiffs and the Collective Members worked.

133.   Upon information and belief, the records concerning the number of hours worked and amounts paid to Plaintiff and any other similarly situated employees are in the possession and custody of Defendants.

134.   From the beginning of Plaintiffs' and the Collective Members' employment through the present day, Defendants failed to properly pay minimum wage to Plaintiffs and the Collective Members. Plaintiffs and the Collective Members routinely worked more than forty (40) hours per week without receiving minimum wage while suffering or permitting them to work nonetheless.

135.   From the beginning of Plaintiffs' and the Collective Members' employment through the present day, Defendants failed to properly compensate Plaintiffs and the Collective Members for any of their overtime hours. Plaintiffs and the Collective Members routinely worked approximately forty-five (45) to sixty (60) hours per week, including routinely working through lunch periods, after regular business hours, and on the weekends, for which time Defendants failed to accurately record Plaintiffs' and the Collective Members' time worked while suffering or permitting them to work nonetheless.

136.   Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiffs and the Collective Members minimum wage for their hours worked and one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek, would violate federal law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiff's employment. As such Defendants' conduct constitutes a willful violation of the FLSA.

137.   As a result of Defendants' willful failure to compensate Plaintiffs the minimum wage and applicable overtime wage rate for such hours worked, Defendants have violated 29 U.S.C. §§ 206 and 207(a).

138.   Defendants have and continue to willfully violate the FLSA by not paying Plaintiffs and the Collective Members minimum wage for their hours worked and one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek.

139.   Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' and the Collective Members' work and wages at all relevant times.

140.   Due to Defendants' illegal wage practices, Plaintiffs and the Collective Members are entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

**COUNT ONE**

**MISCLASSIFICATION AS INDEPENDENT CONTRACTORS**

141.   Plaintiffs, on behalf of themselves and the Collective Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

142.   Plaintiffs' and the Collective Members' working relationship with Defendants as described above was as an employee.

143.   Plaintiffs and the Collective Members were integral to Defendants grooming salon business.

144.   Plaintiffs' and the Collective Members' managerial skills did not affect their profits or losses.

145.   Defendants provided facilities and nearly all necessary equipment for Plaintiffs and the Collective Members to perform their job.

146.   Defendants did not allow Plaintiffs and the Collective Members to utilize their independent skill and initiative in the operation of a business.

147.   Plaintiffs' and the Collective Members' relationship with Defendants was indefinite.

148.   Defendants exercised control over the manner and method in which Plaintiffs and the Collective Members performed their job.

149.   Therefore, Defendants misclassified Plaintiffs and the Collective Members as independent contractors.

150.   In addition to providing Defendants with presumed justification to violate the FLSA, the misclassification also allowed Defendants not to pay employment taxes, shifting the burden onto the Plaintiffs and the Collective Members in the form of self-employment taxes.

151.    As a direct and proximate result of the misclassification, Plaintiffs and the Collective Members are entitled to compensation for payment of excess taxes and other lost benefits of the employer/employee relationship.

## COUNT TWO

**FAILURE AND/OR REFUSAL TO PAY MINIMUM WAGE – FLSA - 29 U.S.C. § 206**

152.    Plaintiffs, on behalf of themselves and the Collective Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

153.    Plaintiffs and the Collective Members were non-exempt employees entitled to the statutorily mandated minimum wage.

154.    While employed by Defendants, Plaintiffs and the Collective Members routinely worked forty (40) hours per week, and Defendants did not pay to Plaintiffs and the Collective Members minimum wage for such time.

155.    As a result, Defendants have intentionally failed and/or refused to pay Plaintiffs and the Collective Members minimum wage according to the provisions of the FLSA.

156.    Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiffs and the Collective Members in accordance with 29 U.S.C. § 206.

157.    Defendants knew that – or acted with reckless disregard as to whether their refusal or failure to properly compensate Plaintiffs and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

158.    As a result of Defendants' failure or refusal to pay Plaintiffs and the Collective Members minimum wage, Defendants violated 29 U.S.C. § 206. Plaintiffs and the Collective Members are therefore entitled to compensation of minimum wage, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

DENTON PETERSON, PC
ATTORNEYS & COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

## COUNT THREE

### FAILURE AND/OR REFUSAL TO PAY OVERTIME – FLSA - 29 U.S.C. § 207

159.    Plaintiffs, on behalf of themselves and the Collective Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

160.    Plaintiffs and the Collective Members were non-exempt employees entitled to the statutorily mandated overtime wages.

161.    While employed by Defendants, Plaintiffs and the Collective Members routinely worked between five to fifteen hours of overtime per week each and every workweek—sometimes more—for which they worked for Defendants, and Defendants did not pay to Plaintiffs and the Collective Members one-and-one-half times their regular rate of pay for such time.

162.    As a result, Defendants have intentionally failed and/or refused to pay Plaintiffs and the Collective Members overtime according to the provisions of the FLSA.

163.    Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiffs and the Collective Members in accordance with 29 U.S.C. § 207.

164.    Defendants knew that – or acted with reckless disregard as to whether their refusal or failure to properly compensate Plaintiffs and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA overtime requirements during Plaintiffs' and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

165.    As a result of Defendants' failure or refusal to pay Plaintiffs and the Collective Members a wage equal to one-and-one-half times Plaintiffs' and the Collective Members' regular rates of pay for work they performed for Defendants in excess of their regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a). Plaintiffs and the Collective Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

DENTON PETERSON, PC
ATTORNEYS • COUNSELORS AT LAW
1930 N. Arboleda Road, Suite 200
Mesa, AZ 85213

## COUNT FOUR

## DECLARATORY RELIEF

166.  Plaintiffs, on behalf of themselves and the Collective Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

167.  Plaintiffs and Defendants have a FLSA dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

168.  The Court also has jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

169.  Plaintiffs may obtain declaratory relief.

170.  Defendants employed Plaintiffs and others similarly situated.

171.  Defendants' business is an enterprise covered by the FLSA, as concerns its employer-employee relationship with Plaintiffs and others similarly situated.

172.  Plaintiffs were individually covered by the FLSA.

173.  Plaintiffs and others similarly situated are entitled to minimum wage pursuant to 29 U.S.C. § 206 and overtime pursuant to 29 U.S.C. § 207.

174.  Plaintiffs and others similarly situated are entitled to an equal amount of liquidated damages as Defendants' policy of failing to pay minimum wage and overtime remain in effect.

175.  The damages suffered by Plaintiffs and others similarly situated are ongoing.

176.  Plaintiffs and others similarly situated will suffer future damages for which there is no adequate remedy at law.

177.  Defendants did not rely on a good faith defense in their failure to abide by the provisions of the FLSA and failure to pay minimum wage and overtime.

178.  It is in the public interest to have these declarations of rights recorded as Plaintiffs' declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

DENTON PETERSON, PC
ATTORNEYS · COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

179.     The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Lacey Thornsburry and Valentina Woodruff, individually, and on behalf of all other similarly situated persons, respectfully request that his Court grant the following relief in Plaintiffs' and the Collective Members' favor, and against Defendants:

A.     Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims) and prompt issuance of notice pursuant to 28 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.     Declaring pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage and overtime provisions of the FLSA;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff's reasonable attorneys' fees and costs of the actions pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.     For the Court to provide reasonable incentive awards for each named Plaintiff to compensate them for all the time they spent attempting to recover wages for the Collective Members and for the risks they took in doing so; and

G.     Such other relief as this Court shall deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff and the Collective Members hereby request that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

RESPECTFULLY SUBMITTED this 24th day of May, 2016.

**DENTON PETERSON, P.C.**

/s/  Timothy F. Coons

Brad A. Denton
Timothy F. Coons
1930 N. Arboleda Road, Suite 200
Mesa, AZ  85213
*Attorneys for Plaintiffs*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Brad A. Denton, #016454
Brad@DentonPeterson.com
Timothy F. Coons, #031208
Timothy@DentonPeterson.com

**DP | DENTON PETERSON, PC**
ATTORNEYS & COUNSELORS AT LAW
1930 N. Arboleda Road, Suite 200
Mesa, Arizona 85213
Telephone: (480) 325-9900
Facsimile: (480) 325-9901

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

**Lacey Thornsburry**, and **Valentina Woodruff**, Individually, and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

**Pet Club, LLC**, an Arizona limited liability company; **Pet Club Ahwatukee, LLC**, an Arizona limited liability company; **Pet Club Arrowhead, LLC**, an Arizona limited liability company; **Pet Club Avondale, LLC**, an Arizona limited liability company; **Pet Club Casa Grande, LLC**, an Arizona limited liability company; **Pet Club Cave Creek, LLC**, an Arizona limited liability company; **Pet Club Chandler Heights, LLC**, an Arizona limited liability company; **Pet Club Chandler, LLC**, an Arizona limited liability company; **Pet Club Chino Valley, LLC**, an Arizona limited liability company; **Pet Club Cotton Lane, LLC**, an Arizona limited liability company; **Pet Club Desert Ridge, LLC**, an Arizona limited liability company; **Pet Club Dobson, LLC**, an Arizona limited liability company; **Pet Club East Tucson, LLC**, an Arizona limited liability company; **Pet Club Gilbert, LLC**, an Arizona limited liability company; **Pet Club Glendale, LLC**, an Arizona limited liability company; **Pet Club Las Sendas, LLC**, an Arizona limited

No.

**PLAINTIFF VALENTINA WOODRUFF'S CONSENT TO JOIN COLLECTIVE ACTION AS NAMED PLAINTIFF**

1

liability company; **Pet Club Laveen, LLC,** an Arizona limited liability company; **Pet Club Lincoln, LLC,** an Arizona limited liability company; **Pet Club Marana, LLC,** an Arizona limited liability company; **Pet Club Maricopa, LLC,** an Arizona limited liability company; **Pet Club Mill, LLC,** an Arizona limited liability company; **Pet Club Moon Valley, LLC,** an Arizona limited liability company; **Pet Club N Gilbert, LLC,** an Arizona limited liability company; **Pet Club Northern, LLC,** an Arizona limited liability company; **Pet Club North Mesa, LLC,** an Arizona limited liability company; **Pet Club North Scottsdale, LLC,** an Arizona limited liability company; **Pet Club N. Phoenix, LLC,** an Arizona limited liability company; **Pet Club #119, LLC,** an Arizona limited liability company; **Pet Club #128 Encanto, LLC,** an Arizona limited liability company; **Pet Club Payson, LLC,** an Arizona limited liability company; **Pet Club Peoria, LLC,** an Arizona limited liability company; **Pet Club Pinnacle Peak, LLC,** an Arizona limited liability company; **Pet Club Power Ranch, LLC,** an Arizona limited liability company; **Pet Club Prescott, LLC,** an Arizona limited liability company; **Pet Club PV, LLC,** an Arizona limited liability company; **Pet Club Q.C., LLC,** an Arizona limited liability company; **Pet Club Sahuarita, LLC,** an Arizona limited liability company; **Pet Club San Tan Valley, LLC,** an Arizona limited liability company; **Pet Club Shea, LLC,** an Arizona limited liability company; **Pet Club South Avondale, LLC,** an Arizona limited liability company; **Pet Club S. Tempe, LLC,** an Arizona limited liability company; **Pet Club Superstition Springs, LLC,** an Arizona limited liability company; **Pet Club Surprise, LLC,** an Arizona limited liability company; **Pet Club Tempe, LLC,** an Arizona limited liability company; **Pet Club Thomas, LLC,** an Arizona limited liability company; **Pet Club Tolleson, LLC,** an Arizona limited liability company; **Pet**

DP | DENTON PETERSON, PC
ATTORNEYS & COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

1  **Club Tucson, LLC**, an Arizona limited
liability company; **Pet Club Waddell, LLC**, an
2  Arizona limited liability company; **Pet Club
Warehouse, LLC**, an Arizona limited liability
3  company; **Pet Club West Gilbert, LLC**, an
Arizona limited liability company; **Pet Club
4  West Tucson, LLC**, an Arizona limited
liability company; **Pet Club Limited
5  Partnership**, an Arizona limited partnership;
6  **Pet Club Aurora, LLC**, a Colorado limited
liability company; **Pet Club Fort Collins,
7  LLC**, a Colorado limited liability company; **Pet
Club Littleton, LLC**, a Colorado limited
8  liability company; **Pet Club N. Fort Collins,
9  LLC**, a Colorado limited liability company; **Pet
Club West Littleton, LLC**, a Colorado limited
10 liability company; **Pet Club Wheatridge,
LLC**, a Colorado limited liability company; **Pet
11 Club Cinco Ranch, LLC**, a Texas limited
12 liability company; **Pet Club Copperfield,
LLC**, a Texas limited liability company; **Pet
13 Club Cypresswood, LLC**, a Texas limited
14 liability company; **Pet Club Pearland, LLC**, a
Texas limited liability company; **Pet Club
15 Shadow Creek, LLC**, a Texas limited liability
16 company; **Weston Smith and Jane Doe Smith**,
husband and wife; **Timothy J. Noland and
17 Jane Doe Noland**, husband and wife; **Timothy
18 Stevenson and Jane Doe Stevenson**, husband
and wife; **Malissa Conti-Diener and John
19 Diener**, husband and wife; **Carrie Scott Fuller
20 and John Doe Fuller**, husband and wife,
21
22            Defendants.

23
24       I, Valentina Woodruff, do hereby consent to be a party plaintiff to the above-entitled

25 action. I have read the Complaint to be filed in the United States District Court for the District

26 of Arizona, Phoenix Division, and authorize my attorney, Denton Peterson, PC to file the

27 complaint on my behalf and for other employees similarly situated.

28 _Valent Woodruff_        5/21/16        _____

Brad A. Denton, #016454
Brad@DentonPeterson.com
Timothy F. Coons, #031208
Timothy@DentonPeterson.com

**DP** | DENTON PETERSON, PC
ATTORNEYS & COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, ARIZONA 85213
TELEPHONE: (480) 325-9900
FACSIMILE: (480) 325-9901

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

**Lacey Thornsburry**, and **Valentina Woodruff**, Individually, and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

**Pet Club, LLC**, an Arizona limited liability company; **Pet Club Ahwatukee, LLC**, an Arizona limited liability company; **Pet Club Arrowhead, LLC**, an Arizona limited liability company; **Pet Club Avondale, LLC**, an Arizona limited liability company; **Pet Club Casa Grande, LLC**, an Arizona limited liability company; **Pet Club Cave Creek, LLC**, an Arizona limited liability company; **Pet Club Chandler Heights, LLC**, an Arizona limited liability company; **Pet Club Chandler, LLC**, an Arizona limited liability company; **Pet Club Chino Valley, LLC**, an Arizona limited liability company; **Pet Club Cotton Lane, LLC**, an Arizona limited liability company; **Pet Club Desert Ridge, LLC**, an Arizona limited liability company; **Pet Club Dobson, LLC**, an Arizona limited liability company; **Pet Club East Tucson, LLC**, an Arizona limited liability company; **Pet Club Gilbert, LLC**, an Arizona limited liability company; **Pet Club Glendale, LLC**, an Arizona limited liability company; **Pet Club Las Sendas, LLC**, an Arizona limited

No.

**PLAINTIFF LACEY THORNSBURRY'S CONSENT TO JOIN COLLECTIVE ACTION AS NAMED PLAINTIFF**

1

liability company; **Pet Club Laveen, LLC**, an Arizona limited liability company; **Pet Club Lincoln, LLC**, an Arizona limited liability company; **Pet Club Marana, LLC**, an Arizona limited liability company; **Pet Club Maricopa, LLC**, an Arizona limited liability company; **Pet Club Mill, LLC**, an Arizona limited liability company; **Pet Club Moon Valley, LLC**, an Arizona limited liability company; **Pet Club N Gilbert, LLC**, an Arizona limited liability company; **Pet Club Northern, LLC**, an Arizona limited liability company; **Pet Club North Mesa, LLC**, an Arizona limited liability company; **Pet Club North Scottsdale, LLC**, an Arizona limited liability company; **Pet Club N. Phoenix, LLC**, an Arizona limited liability company; **Pet Club #119, LLC**, an Arizona limited liability company; **Pet Club #128 Encanto, LLC**, an Arizona limited liability company; **Pet Club Payson, LLC**, an Arizona limited liability company; **Pet Club Peoria, LLC**, an Arizona limited liability company; **Pet Club Pinnacle Peak, LLC**, an Arizona limited liability company; **Pet Club Power Ranch, LLC**, an Arizona limited liability company; **Pet Club Prescott, LLC**, an Arizona limited liability company; **Pet Club PV, LLC**, an Arizona limited liability company; **Pet Club Q.C., LLC**, an Arizona limited liability company; **Pet Club Sahuarita, LLC**, an Arizona limited liability company; **Pet Club San Tan Valley, LLC**, an Arizona limited liability company; **Pet Club Shea, LLC**, an Arizona limited liability company; **Pet Club South Avondale, LLC**, an Arizona limited liability company; **Pet Club S. Tempe, LLC**, an Arizona limited liability company; **Pet Club Superstition Springs, LLC**, an Arizona limited liability company; **Pet Club Surprise, LLC**, an Arizona limited liability company; **Pet Club Tempe, LLC**, an Arizona limited liability company; **Pet Club Thomas, LLC**, an Arizona limited liability company; **Pet Club Tolleson, LLC**, an Arizona limited liability company; **Pet**

DENTON PETERSON, PC
ATTORNEY · COUNSELOR · AT · LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

**Club Tucson, LLC**, an Arizona limited liability company; **Pet Club Waddell, LLC**, an Arizona limited liability company; **Pet Club Warehouse, LLC**, an Arizona limited liability company; **Pet Club West Gilbert, LLC**, an Arizona limited liability company; **Pet Club West Tucson, LLC**, an Arizona limited liability company; **Pet Club Limited Partnership**, an Arizona limited partnership; **Pet Club Aurora, LLC**, a Colorado limited liability company; **Pet Club Fort Collins, LLC**, a Colorado limited liability company; **Pet Club Littleton, LLC**, a Colorado limited liability company; **Pet Club N. Fort Collins, LLC**, a Colorado limited liability company; **Pet Club West Littleton, LLC**, a Colorado limited liability company; **Pet Club Wheatridge, LLC**, a Colorado limited liability company; **Pet Club Cinco Ranch, LLC**, a Texas limited liability company; **Pet Club Copperfield, LLC**, a Texas limited liability company; **Pet Club Cypresswood, LLC**, a Texas limited liability company; **Pet Club Pearland, LLC**, a Texas limited liability company; **Pet Club Shadow Creek, LLC**, a Texas limited liability company; **Weston Smith and Jane Doe Smith**, husband and wife; **Timothy J. Noland and Jane Doe Noland**, husband and wife; **Timothy Stevenson and Jane Doe Stevenson**, husband and wife; **Malissa Conti-Diener and John Diener**, husband and wife; **Carrie Scott Fuller and John Doe Fuller**, husband and wife,

Defendants.

I, Lacey Thornsbury, do hereby consent to be a party plaintiff to the above-entitled action. I have read the Complaint to be filed in the United States District Court for the District of Arizona, Phoenix Division, and authorize my attorney, Denton Peterson, PC to file the complaint on my behalf and for other employees similarly situated.

_Lacey Thornsbury_

5/21/16
date

3

DENTON PETERSON, PC
ATTORNEYS · COUNSELORS · AT · LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

Lacey Thornsburry                                                    Date